Judgment will be entered accordingly.

(Reap. Dec. 11055)

RED LINE COMMERCIAL CO., INC. *v.* UNITED STATES

Entry No. 3729.

(Decided August 9, 1965)

*Barnes, Richardson & Colburn* for the plaintiff.

*John W. Douglas*, Assistant Attorney General, for the defendant.

DONLON, Judge: This appeal for reappraisement has been submitted for decision upon the following stipulation of counsel for the parties:

IT IS HEREBY STIPULATED AND AGREED, by and between the parties hereto, subject to the approval of the court, as follows:

1. That this stipulation is limited to the merchandise described on the invoice as Kudos label Canned Corned Beef in 6 lb. tins and is abandoned as to all other merchandise.

2. That the involved merchandise was entered, or withdrawn from warehouse for consumption, after the effective date (February 27, 1958) of the Customs Simplification Act of 1956 (T.D. 54165); that the merchandise is specified in the Final List published by the Secretary of the Treasury (T.D. 54521), pursuant to said Customs Simplification Act; that appraisement was accordingly made under the provisions of section 402a of the Tariff Act of 1930 as amended by said Customs Simplification Act.

3. That, at the time of the exportation of this merchandise, such or similar merchandise was not freely offered in the principal markets of Argentina in the usual wholesale quantities and in the ordinary course of trade, for sale to all purchasers, either for domestic consumption in Argentina or for exportation to the United States.

4. That the merchandise was accordingly appraised under United States value, section 402a(e) of the Tariff Act of 1930 as amended; that neither party challenges the basis of appraisement.

5. That the freely offered United States selling price, on or about the date of exportation of the involved merchandise, of such merchandise, in the usual wholesale quantities and in the ordinary course of trade, the cost of transportation and insurance and other necessary expenses from the place of shipment to the place of delivery, the allowance for profit and general expenses, and the allowance for duty are as follows:

|  | Per dozen tins |
|---|---|
| United States selling price | $33.48 |
| Cost of transportation, insurance, and other necessary expenses from place of shipment to place of delivery: | |
| Ocean freight | 1.23 |
| Marine insurance | .07 |
| Other | 5.00 |
| General expense: 8 percent of $33.48 | 2.68 |
| Profit: 8 percent of $33.48 | 2.68 |
| 15 percent Customs duty | 2.85 |
| | $18.97 |

6. That the actual general expenses incurred, and the actual profit realized, by Red Line Commercial Co. upon the sale in the United States of the involved merchandise were no less than the statutory maximum allowances of 8 percent respectively.

7. That this appeal may be submitted for decision upon this stipulation, the same being limited to the merchandise and the issues described hereinabove and abandoned in all other respects.

Accepting this stipulation as an agreed statement of facts, I find and hold that United States value, as defined in section 402a(e) of the Tariff Act of 1930, so renumbered by the Customs Simplification Act of 1956 (T.D. 54165), is the proper basis for determining value of the canned corned beef, described on the invoice of the entry covered by this appeal for reappraisement as Kudos label canned corned beef in 6-pound tins, and that such value is $18.97 per dozen tins.

As to all other merchandise, this appeal for reappraisement is dismissed.

Judgment will be entered accordingly.